JOINER, Judge,
concurring in the result.
I concur that the judgment in this matter is due to be affirmed. I disagree, however, with the rationale of the majority.
Ildefonso Austin, an inmate in the custody of the Alabama Department of Corrections (“the Department”), was found guilty of violating “rule number 64[,] specifically possession of contraband,” and, as a consequence, lost visitation privileges for 6 months, and phone and store privileges for 45 days. Austin subsequently filed in the Montgomery Circuit Court a petition for a writ of certiorari arguing that the Department’s action “was contrary to the uncon-tradicted evidence, and, therefore, arbitrary or capricious.” (C. 9.) In response, the Department moved the circuit court to dismiss the petition, arguing that Austin was not entitled to due process because he had lost no liberty interest — e.g., incentive good time — and, alternatively, that Austin had, in fact, been afforded the appropriate level of due process. (C. 42 — 43.) The circuit court granted the motion to dismiss, and Austin now appeals.
On appeal, Austin vaguely claims that “the trial court erred when it denied [Austin’s] claims without addressing [Austin’s] argument that the hearing officer’s] finding was arbitrary or capricious or rendering a Rule 54(b), Ala. R. Civ. P., order.” (Austin’s brief, p. 2.) In support of his claims, Austin raises three arguments. He first argues that “the trial court in [this] case ... has erred to reversal because the trial court reviewed petitioner's] claims under the wrong standard of review.” (Austin’s brief, p. 3.) Austin next argues that “the trial court failed to render a final and appealable order because the trial court failed to dispose of [Austin’s] claim for relief that the hearing officer’s] finding of facts was arbitrary and capricious.” *1237 (Austin’s brief, p. 3.) Finally, Austin contends the trial court failed to dispose of all of Austin’s claims because, Austin says, “the Alabama Constitution does not contain an equal protection clause and that clause was removed from the constitution to carry out white supremacy within Alabama government.” (Austin’s brief, p. 3.)
In an unpublished memorandum, the majority affirms the judgment of the circuit court on the basis that the Department’s actions do not implicate Austin’s substantive-due-process rights. Although I agree that the judgment of the circuit court is due to be affirmed, I have strong reservations about the rational of the unpublished memorandum.
First, Austin does not raise a substantive-due-process claim; thus, it is unclear why this Court is addressing such a claim. In fact, it does not appear that Austin is raising any due-process issue; instead, it appears that Austin takes umbrage with the manner in which the circuit court disposed of his claims below. As the above-quoted passages from Austin’s brief indicates, Austin wholly abandons any substantive claims and, on appeal, simply argues that the circuit court failed to address all of his claims. Accordingly, any substantive-due-process discussion by this Court is misplaced.
Second, I question the authority relied upon by the majority in its substantive-due-process analysis. The majority, quoting a footnote in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), and adding bracketed language, states that “inmates subject to disciplinary proceedings that do not implicate a protected interest do ‘retain, [under substantive due process and other constitutional provisions,] protection from arbitrary state action ....’” Sandin, however, does not support the majority’s conclusion that Austin has a substantive-due-process right. The Sandin footnote that is quoted and bracketed by the majority actually states as follows:
“Prisoners such as Conner, of course, retain other protection from arbitrary state action even within the expected conditions of confinement. They may invoke the First and Eighth Amendments and the Equal Protection Clause of the Fourteenth Amendment where appropriate, and may draw upon internal prison grievance procedures and state judicial review where available.”
Sandin, 515 U.S. at 487 n. 11 (emphasis added). The footnote on which the majority relies does not speak to substantive due process but instead speaks to other constitutional protections prisoners retain and may assert to address arbitrary state action.
Although I disagree with the analysis used by the majority, I agree that the judgment of the circuit court is due to be affirmed. As explained above, Austin is asserting that the circuit court failed to address all of the claims raised in Austin’s petition and, further, that the circuit *1238 court’s order was insufficient. The authority on which Austin relies, however, does not demonstrate that he is entitled to relief; accordingly, I would affirm the judgment of the circuit court.
In light of the foregoing, I, like the majority, conclude that the judgment of the circuit court is due to be affirmed.